UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVE BLACK, et al,<br><br>                          Plaintiffs,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al,<br><br>                          Defendants. | Case No.:  22-cv-1059-CAB-MSB<br><br>**ORDER RE MOTIONS FOR SUMMARY JUDGMENT**<br><br>[Doc. Nos. 28, 29] |

Presently before the Court is Plaintiffs' motion for summary judgment [Doc. No. 28] and Defendants' cross-motion for summary judgment [Doc. No. 29]. The motions have been fully briefed and the Court finds them suitable for determination on the papers. For the reasons set forth, Plaintiffs' motion is **DENIED** and Defendants' cross motion is **GRANTED.**

I.     FACTUAL BACKGROUND

Plaintiffs Nave Black ("Mr. Black") and Indo Projects, Inc. ("Indo") bring this case to challenge Defendant U.S. Citizenship and Immigration Services' ("USCIS") denial of

1

Indo's Form I-140 petition to classify Mr. Black as an employment-based immigrant. The Parties move for summary judgment on whether this denial was arbitrary, capricious, an abuse of discretion, or contrary to law in violation of the Administrative Procedure Act.

In December 2017, while awaiting a decision on an unrelated application for permanent resident status, Mr. Black helped incorporate the California company Attic Projects, Inc. [Certified Administrative Record "CAR" at 3].[1] At the same time, he started working there in some capacity as either Operations Manager, Online Marketing Manager, or Online Advertiser. [CAR at 17]. In November 2019, Attic Projects incorporated a branch in the State of Washington, and Mr. Black is listed on the original incorporation documents alongside his Attic Projects co-owners Eido Einav and Adam Goldman. [CAR at 3]. This Washington branch was renamed "Indo Projects, Inc." in December 2019. [CAR at 3]. By September 2020, Indo removed Mr. Black from being listed as a company owner or stakeholder, as it was apparently an error made by their attorney and Mr. Black "was never an owner and received no shares." [Doc. No. 30 at 5]. Mr. Black's ownership position at Indo was replaced by Stav Anafi, the mother of his child and the person he lived with for over a year. [CAR at 3].

In March 2021, Indo Projects started the process of sponsoring Mr. Black for a work visa for an "other unskilled worker," in the position of "Operations Manager." First, Indo applied for and received a prevailing wage determination from the Department of Labor ("DOL"). [Doc. No. 28-1 at 8]. Indo then submitted ETA Form 9089 to the DOL. Upon a review of Form 9089 and an additional audit of Indo, the DOL issued a labor certification for the position. [Doc. No. 28-1 at 8]. By issuing the labor certification, the DOL certified that there were no available U.S. workers for the job of Operations Manager and the employment of the Mr. Black would not "adversely affect the wages and working conditions of workers in the U.S. similarly employed." 8 U.S.C. § 1182(a)(5)(A)(i). Upon

---

[1] The page numbers herein refer to those listed at the bottom of the Certified Administrative Record, located at Doc. No. 19.

receipt of this labor certification, Indo then filed the Form I-140 petition with USCIS in April 2022, attaching Form 9089 and the DOL's labor certification. [CAR at 260-270].

## II.  PROCEDURAL BACKGROUND

Indo's I-140 petition was initially denied by USCIS in June 2022 based on alleged past marriage fraud committed by Mr. Black. [CAR at 2]. After receiving the June 2022 denial, Plaintiffs filed this case to dispute the denial as arbitrary and capricious, an abuse of discretion, and not in accordance with the law. [Doc. No. 1].

Presumably in response to Plaintiffs' lawsuit, USCIS reopened Indo's I-140 petition on its own motion, as it is entitled to do pursuant to 8 C.F.R. § 103.5(a)(5)(ii). In addition to its motion to reopen, USCIS filed a Notice of Intent to Deny ("NOID") on November 3, 2022. In the NOID, USCIS provided the following reasons for its intent to deny: (1) it did not believe Indo offered a "bona fide job opportunity" to all U.S. workers based on the possible undisclosed familial relationship between Mr. Black and Ms. Anafi in its Form 9089 filed with the DOL; and (2) it was not convinced Mr. Black was qualified for the position of Operations Manager at Indo. [CAR at 27-34]. USCIS gave Indo Projects 33 days to respond to the NOID. Indo filed a response on December 5, 2022. Upon consideration of Indo's response, USCIS issued a decision on January 5, 2023, denying the petition based on the lack of a bona fide job opportunity open to all U.S. workers and Indo's failure to establish Mr. Black's qualifications for the position.

In light of the January 2023 decision, Plaintiffs filed the first amended complaint, alleging two causes of action under the Administrative Procedure Act ("APA"). [Doc. No. 23]. Plaintiffs also request declaratory judgment based on USCIS' alleged failure to provide adequate notice prior to reopening the petition in November 2022.[2]

---

[2] The Court finds Plaintiffs' third cause of action frivolous and declines to address it in substance. USCIS provided 33 days for Indo Projects to respond to its NOID; notice was sufficient pursuant to 20 C.F.R. § 103.5(a)(5)(ii). Therefore, Plaintiffs' motion for summary judgment on this ground is **DENIED**, and Defendants' motion is **GRANTED.**

### III. STANDARD OF REVIEW

"The APA permits judicial review of agency decisions when . . . no law or regulation requires interagency review prior to seeking judicial review." *Chu Inv., Inc. v. Mukasey*, 256 F. App'x 935, 936 (9th Cir. 2007). When a petition is denied by USCIS, the Court is required to set it aside only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Herrera v. U.S. Citizenship & Immigr. Servs.*, 571 F.3d 881, 885 (9th Cir. 2009) (citing *Family, Inc. v. U.S. Citizenship & Immigr. Servs.*, 469 F.3d 1313, 1315-16 (9th Cir. 2006)). "The arbitrary and capricious standard is a narrow one under which the Court cannot substitute its judgment for the agency's." *Peopletech Grp. Inc. v. United States Dep't of Homeland Sec.*, No. C19-1959 MJP, 2022 WL 102033, at *1 (W.D. Wash. Jan. 11, 2022). "The touchstone of 'arbitrary and capricious' review . . . is 'reasoned decisionmaking.'" *E. Bay Sanctuary Covenant v. Garland*, 994 F.3d 962, 980 (9th Cir. 2020) (quoting *Altera Corp. & Subsidiaries v. Comm'r of Internal Revenue*, 926 F.3d 1061, 1080 (9th Cir. 2019)).

The Court is generally limited to reviewing the administrative record available at the time of the denial. *See Goffney v. Becerra*, 995 F.3d 737, 747-48 (9th Cir.), *cert. denied*, 211 L. Ed. 2d 366, 142 S. Ct. 589 (2021). Ultimately, "the agency's factual findings are reviewed for substantial evidence. [The Court] will not disturb the agency's findings under this deferential standard unless the evidence presented would compel a reasonable finder of fact to reach a contrary result." *Herrera*, 571 F.3d at 885 (citation and internal quotation marks omitted).

### IV. DISCUSSION

Plaintiffs dispute the January 2023 decision on two grounds. First, Plaintiffs argue USCIS lacked the authority to invalidate the DOL's labor certification absent fraud or misrepresentation. Second, Plaintiffs argue USCIS abused its discretion because there was no substantial evidence supporting the decision. Defendants contend USCIS acted within its authority when it assessed the truthfulness of Plaintiffs' representations in its Form I-

140 petition. Defendants also argue there was no abuse of discretion because USCIS conducted a thorough investigation of the record when reaching its conclusion.

### a. *USCIS' Authority to Invalidate the Labor Certification*

"A labor certification is subject to invalidation by [USCIS] upon a determination . . . of fraud or willful misrepresentation of a material fact involving the labor certification application." 20 C.F.R. 656.30(d); *See Alva Decking, Inc. v. Holder*, No. 1:12-CV-2330-JLK-AP, 2013 WL 1609983, at *4 (D. Colo. Apr. 15, 2013) (finding USCIS' invalidation of the labor certification as a specific reason for revoking an employer's I-140 petition was justified where misrepresentation existed). However, if USCIS fails to challenge the Secretary of Labor's "findings about the conditions in the domestic labor market," its decision is not considered an invalidation of the labor certification. *K.R.K. Irvine, Inc. v. Landon*, 699 F.2d 1006, 1009 (9th Cir. 1983) (finding that "a labor certification only binds [USCIS] as to the availability of qualified United States workers and the impact of the [immigrant worker's] employment on the domestic market"). If USCIS does not explicitly state that it is invalidating the labor certification in its denial of an I-140 petition, § 656.30(d) does not apply to the Court's inquiry.

USCIS did not explicitly cite an invalid labor certification as its reason for denying Indo's petition. Instead, USCIS determined it was not convinced Indo offered Mr. Black a bona fide job opportunity open to all U.S. workers. Plaintiffs argue that an inquiry into whether an employer offered a "bona fide job opportunity" is exclusively a question for the DOL at its labor certification stage. Yet Plaintiffs ignore that USCIS' determination here was made independently from the DOL's certification. After a review of the entire administrative record and further independent research, USCIS was not convinced the job was open to all U.S. workers. While USCIS reviewed Form 9089 filed with the DOL in making its decision, it did not expressly invalidate the DOL's certification. Because USCIS did not invalidate the DOL's labor certification, it did not need an independent finding of fraud or misrepresentation. Accordingly, Plaintiffs' motion for summary judgment based

on this argument is **DENIED,** and Defendants motion for summary judgment is **GRANTED.**

### b. *USCIS' Decision Was Supported by Substantial Evidence*

Under the Immigration and Nationality Act, USCIS may grant an I-140 petition after an investigation of the facts of each case "and determin[ing] that the facts stated in the petition are true." 8 U.S.C. § 1154(b). The burden of proof is on the petitioner to demonstrate to USCIS that the information it provides is true. *See* 8 U.S.C. § 1361. USCIS has the authority to determine whether the petitioner has sufficiently established that the position was open to all U.S. workers. *See Peopletech Group Inc.*, 2022 WL 102033, at *9 (citing *Diamond Miami Corp. v. U.S. Citizenship & Immigr. Servs.*, 2019 WL 4954807, at *3 (S.D. Fla. Oct. 8, 2019)). The Ninth Circuit has confirmed USCIS has the authority to assess whether an immigrant worker is qualified for the job offered by the petitioning employer. *See K.R.K Irvine,* 699 F.2d at 1008.

### 1. *Bona Fide Job Opportunity Open to All U.S. Workers*

USCIS denied the petition because it "did not believe that this was a bona fide job opportunity open to U.S. workers." [CAR at 9]. In coming to this conclusion, USCIS did not only look at the extensive immigration history of Mr. Black but also did independent research into the leadership history of Attic Projects and Indo Projects. The totality of USCIS' research revealed the significant financial relationship between Attic Projects and Indo Projects. It also highlighted Mr. Black's personal relationships with the owners of Indo, including a co-parenting relationship with Ms. Anafi and long-term friendship with Mr. Goldman. [CAR at 5]. While Plaintiffs argue Indo posted the job and complied with the requirements of the DOL in establishing a "bona fide job opportunity" on paper, this remains separate from USCIS' determination of the truthfulness contained in the I-140 petition. The Court finds USCIS conducted a sufficient investigation pursuant to § 1154(b) and had substantial evidence to conclude that the job was likely not offered to all U.S. workers.

### 2. *Mr. Black's Qualifications*

USCIS also denied the petition because Indo failed to prove Mr. Black was qualified for the position of Operations Manager. The requisite qualifications established by the DOL for an Operations Manager position are "12 months of experience in the job offered or 12 months of experience in the alternate occupation of General Manager or similar." [CAR at 9]. USCIS determined that the inconsistencies contained in the sworn statements provided to establish Mr. Black's past employment history, such as the various accounts of his job title and start date at Attic Projects, casted doubt on Mr. Black's qualifications. [CAR at 9-111]. Additionally, USCIS noted the lack of any "independent objective evidence" required to prove that Mr. Black was qualified for the position. [CAR at 12]. In sum, Plaintiffs failed to meet their burden to prove the truthfulness of the representations made in the petition pursuant to § 1361 and USCIS was well within its discretion under Ninth Circuit precedent to determine whether Mr. Black was qualified.

Accordingly, Plaintiffs' motion for summary judgment based on the lack of substantial evidence is **DENIED.** Defendants' cross motion for summary judgment is **GRANTED.**

### V.  CONCLUSION

The Court finds the January 2023 Decision issued by USCIS was supported by substantial evidence and could be made without a finding of fraud or misrepresentation. Therefore, Defendants' cross motion for summary judgment is **GRANTED** and Plaintiffs' motion for summary judgment is **DENIED.** The Clerk of Court shall enter judgment for Defendants and **CLOSE** the case.

It is **SO ORDERED**.

Dated:  June 5, 2023

Hon. Cathy Ann Bencivengo
United States District Judge